**BLUE DIAMOND COAL COMPANY et al., Appellants,**

**v.**

**John BLAIR and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 17, 1969.

Maxwell P. Barret, Reeves, Barret, Cooper & Ward, Hazard, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

Denver Adams, Workmen's Compensation Bd., Hyden, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment reversing the Workmen's Compensation Board which had found that the claimant, John Blair, who had worked seventeen years for the Blue Diamond Coal Company, was permanently and totally disabled from silicosis but denied him compensation because of his failure to notify the Company of his affliction for eleven months after learning he had it. One member of the Board, Honorable Alvin B. Trigg, dissented from the Board's ruling and favored granting compensation because he thought that the Company was not prejudiced by Blair's delay in giving it notice of his condition. The circuit court, on appeal of the Board's ruling, reached the same conclusion as the dissenting member of the Board, so remanded the case to the Board with directions to entertain the claim.

> KRS 342.316(2) stipulates that "* * * notice of claim shall be given to the employer as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or diagnosis of such disease is first communicated to him, whichever shall first occur."

In construing this statute we said in Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167 (1961):

> "In view of the fact that the notice requirement of KRS 342.316(2) is 'notice of disability,' it necessarily follows that no notice need be given until the employee has a disability from an occupational disease. Consequently, this subsection in substance means that before such notice is required to be given by the employee to his employer the following conditions must concur: (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work, and (2) the employee knows or should know by the exercise of reasonable care and diligence that he is suffering from the disease."

See also, Blue Diamond Coal Company v. Terry, Ky., 416 S.W.2d 350 (1967).

This case presents a factual situation showing that Blair worked for the Company until it closed its mine in April 1964, although not with his usual regularity in the last year of his employment because of stomach ulcers. Apparently, he did not seek medical attention until November 1965 when he was first told he had silicosis. He did not give notice of claim until October 1966. Prior to the time he was told he had silicosis he had tried to obtain work a number of times from Bethlehem Coal Company as well as Blue Diamond when it reopened its mine, but was rejected.

■ For the reasons stated in Blue Diamond Coal Company v. Stepp, Ky., 445 S.W.2d 866 the circuit court was in error in holding that lack of prejudice was a reason for finding that the delay in giving notice was not fatal to the claim. However, under the rule stated in *Stepp* for determining when disability may be deemed to exist for notice purposes, it is our opinion that the evidence before the Board was not sufficient to warrant a finding that Blair was *disabled* for any appreciable period before he gave notice of claim, wherefore the Board erred in holding that the notice was too late.

■ Blair testified that during the entire period of his unemployment he felt able to work and considered himself able to work. There was no medical testimony that his capacity to work was impaired at any time before he gave notice of claim. It is true that Blair's efforts to obtain employment were rejected, but as far as the

record shows, the rejections all occurred before Blair was told that he had silicosis and there is no evidence that the rejections were prompted by the fact that he had silicosis. We find nothing in the circumstances shown by the record to warrant a finding that Blair realized or should have realized that his capacity to work was impaired, by reason of silicosis or other physical cause.

This case is distinguished from *Stepp* by the difference in proof as to the workman's awarenesss (actual or imputed) of a disability.

The judgment is affirmed.

All concur.