George WAGONER, acting Commissioner
of Labor & Custodian of the Special
Fund, Appellant,

v.

Warney SMITH et al., Appellees.

Court of Appeals of Kentucky.

Oct. 31, 1975.

See also, Ky., 530 S.W.2d 370.

Earl M. Cornett, Gen. Counsel, Dept. of Labor, James F. Kemp, Asst. Counsel, Dept. of Labor, Frankfort, for appellant.

Harry R. Stamper, Lowe, Lowe & Stamper, Pikeville, John V. Porter, Paintsville, William L. Huffman, Director, Workmen's Compensation Bd., Dept. of Labor, Frankfort, for appellees.

VANCE, Commissioner.

Appellee, Warney Smith, filed his application for adjustment of claim (Form 11) in which he claimed total and permanent disability from silicosis and/or coal-workers' pneumoconiosis. He was fifty-one years old and had worked as an underground miner seventeen years when he filed his application. His medical evidence was sufficient to sustain the finding of the board that he had contracted pneumoconiosis although there was competent medical evidence that he was also suffering from chronic emphysema and severe hypertensive cardiovascular disease.

The extent of his disability is the question at issue. Medical evidence as to the extent of disability ranged from an estimate of ten-twenty per cent disability to the whole man to estimates of total disability. The claimant testified that he was unable to work but offered no evidence that he had tried to work elsewhere and was unable to do so, or that he had applied for and was refused other work, or even that he had made any investigation at all as to the availability of other work.

The board made an award based upon occupational disability of fifty per cent. Upon a petition for review the circuit court set aside the award and directed a new award be entered upon the basis of total-

permanent disability. The Special Fund appeals.

In *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), we established new guidelines for determining the extent of partial disability: [1]

"If the board finds that the workman is so physically impaired that he is not capable of performing any kind of work of regular employment, or if the board finds that regular employment in the kind of work the man can perform is not available on the local labor market, the man will be considered to be *totally* disabled. Otherwise he will be considered to be only *partially* disabled. And the *percentage* of his partial disability will be determined by the ratio of the prevailing wage rates in the kind of employment available to him, to the wage rates earnable by him before being injured.

"It will be noticed that in the rule here outlined no significance is given to the workman's *usual occupation* other than that the *wages* earned by him in that occupation before injury are a factor in determining his pre-injury wage capacity for comparison with his post-injury wage capacity.

" ' * * * the normal rule is that disability is not tested by any particular occupation, and that, even in the case of a skilled craftsman, he will not be deemed totally disabled if unskilled or light work that he can perform is continuously available to him.' Larson's Workmen's Compensation, Vol. 2, sec. 57.53."

*Young v. Marsillett,*[2] Ky., 473 S.W.2d 128 (1971), recognized that an occupational disability from pneumoconiosis might be only a *partial disability* in which event the extent of the disability should be determined by the principles of *Osborne v. Johnson,* supra.

In *Princess Manufacturing Company v. Jarrell,* Ky., 465 S.W.2d 45 (1971), we held the burden of establishing the extent of disability caused by occupational diseases rests upon the claimant. In many cases however it is as easy for the employer to demonstrate the availability of other regular employment as it is for the claimant to show the lack of it. In *Yocom v. Keene,* Ky., 512 S.W.2d 27 (1974), we moderated the rule of *Princess Manufacturing* to the extent of holding that where neither party offers evidence as to the availability of other regular employment in the area, and where the work opportunities of the claimant are limited by reason of his education, work experience and physical condition his testimony that he was unable to work and did not know of any other work he could do was sufficient to support a maximum award in *his* favor.

■ In this case there was no finding of total disability. In order to reverse the findings of the board unfavorable to the claimant and upon which he had the burden of proof the test is whether the evidence compelled a finding in his favor. *Lee v. International Harvester Company,* Ky., 373 S.W.2d 418 (1963). Although *Yocom v. Keene,* supra, is authority for sustaining an award of the board in favor of a claimant, absent the technical requirements of *Princess Manufacturing Company v. Jarrell,* supra, as to the burden of proof, it is not authority that a finding favorable to the claimant, absent that proof, is compelled, in the face of a board finding to the contrary.

■ We see nothing in the evidence in this case to compel the board to find total disability and therefore the award of the board should not have been set aside by the circuit court.

---

1. The disability in this case occurred in 1971. We need not consider here whether or the extent to which the principles of *Osborne v. Johnson* were modified by Chapter 78 of the Acts of the 1972 General Assembly.

2. *Young v. Marsillett* was decided before the enactment of Chapter 78 of the Acts of the General Assembly of 1972.

The Special Fund contends that the entire award should be set aside because the evidence does not support a finding of any occupational disability. Whatever merit the argument might have, it fails in view of the fact that the Special Fund did not seek a review of the award in circuit court and as a result of that failure the award is binding upon the Fund.

The judgment is reversed with direction that a new judgment be entered affirming the award of the board.

All concur.