Harold C. KIRKWOOD, Movant,

v.

JOHN DARNELL COAL COMPANY, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Respondents.

Supreme Court of Kentucky.

July 15, 1980.

---

Ronald K. Bruce, Leland Monhollon, Joseph H. Kelley, Madisonville, for movant.

Dick Adams, Madisonville, for John Darnell Coal Co.

Gemma M. Harding, Dept. of Labor, Louisville, for James R. Yocom.

Kenneth E. Hollis, Dept. of Labor, Donald Campbell, Director, Workmen's Compensation Board, Frankfort, for respondents.

AKER, Justice.

On March 28, 1977, Movant Harold C. Kirkwood was awarded a total disability award by the Workmen's Compensation Board for the occupational disease pneumoconiosis and/or silicosis with seventy-five percent (75%) payable by the Special Fund and twenty-five percent (25%) payable by John Darnell Coal Company, the employer. The employer appealed to the Hopkins Circuit Court but the Special Fund did not appeal. The Hopkins Circuit Court affirmed the Opinion and Award of the Workmen's Compensation Board. The employer then appealed to the Court of Appeals which reversed the Board's findings as to the employer and affirmed as to the Special Fund and held that movant did not give timely notice of his claim to the employer. Discretionary review was then granted.

The controversy concerning the timeliness of the notice to the employer arose when movant stopped work on July 2, 1973 due to a heart condition. Subsequently, he filed a federal black lung claim sometime during 1975. No specific date of filing was given. After movant was apprised by a physician in January, 1976 that he had pneumoconiosis, he gave written notice by letter to his employer later that same month that he would be seeking workmen's compensation benefits. Movant then filed his claim with the Kentucky Workmen's Compensation Board on or about March 5, 1976. These facts give rise to the issue in this case of whether the Court of Appeals correctly held that movant's filing of a federal black lung claim is notice to the claimant, as a matter of law, that he is affected with the occupational disease of pneumoconiosis and thus requires notice to the employer pursuant to KRS 342.316(2)(a). We hold that it is not.

A reading of the appropriate federal black lung statutes reveals that the presence of pneumoconiosis is not necessary to successfully pursue a federal black lung claim because of various presumptions contained in the statute. Functional disability is one means by which a claimant can be awarded federal black lung benefits even though there is no x-ray evidence of pneumoconiosis. Many coal miners apply for federal black lung benefits because they have a great number of years in the mines and think that they are automatically entitled to these benefits, or simply because their friends and neighbors sign up. There is no evidence that Kirkwood filed his federal black lung claim because he thought he had the occupational disease of pneumoconiosis. Kirkwood testified that the first notice he had of the disease was when he was told by a physician in January, 1976.

Since the federal black lung statute and the workmen's compensation statute vary in their respective criteria for successfully pursuing a claim, the mere filing of a claim for federal black lung benefits is not notice to the claimant pursuant to KRS 342.316(2)(a), as a matter of law. The question of notice must be determined by the factual situation surrounding the filing. The Board resolved this question in favor of the claimant and we shall not disturb that finding since it is supported by substantial evidence. *Holman Enterprise Tobacco Warehouse v. Carter*, Ky., 536 S.W.2d 461, 465 (1976); *McCloud v. Beth-Elkhorn Corporation*, Ky., 514 S.W.2d 46 (1974); *Armco Steel v. Mullins*, Ky., 501 S.W.2d 261 (1973).

The decision of the Court of Appeals is reversed and the judgment of the Hopkins Circuit Court is affirmed.

All concur.