SPECIAL FUND and Coal Miners'
Pneumoconiosis Fund, Movants,

v.

Freeman FRANCIS; Center Coal Company, now West Ken Coal Company; Associated Indemnity Corp.; and Workers' Compensation Board, Respondents.

Supreme Court of Kentucky.

May 1, 1986.

Denis S. Kline, Labor Cabinet, Louisville, for movants.

John C. Whitfield, William R. Thomas, Madisonville, Director, Workers' Compensation Bd., Dept. of Labor, Frankfort, for respondents.

## OPINION OF THE COURT

We have granted discretionary review because a majority of a Court of Appeals panel has refused to follow a long line of decisions of the highest court of this state in violation of S.C.R. 1.030(8)(a) which provides:

"The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."

The rule is fundamental and is absolutely necessary in a hierarchical judicial system. If every tier of courts in the judicial hierarchy were free to disregard the decisions of a higher court, the Court of Appeals could freely disregard the decisions of the Supreme Court, the circuit courts could freely ignore the decisions of the Court of Appeals and the Supreme Court and our District Courts would be bound by no law at all, free to ignore the decisions of all higher courts. The result of that course is anarchy.

The Court of Appeals is compelled to follow precedent established by the decisions of the Supreme Court. That is not to say, however, that disagreement is prohibited or constructive criticism banned. Any court, though required to follow precedent established by a higher court, can set forth the reasons why, in its judgment, the established precedent should be overruled but cannot, on its own, overrule the established precedent set by a higher court.

This case has experienced an arduous journey through the courts. Freeman Francis retired from work in the coal mines in 1975. He filed a claim for disability resulting from pneumoconiosis on August 25, 1980. A special defense was asserted which stated that the claim was barred by the five-year statute of limitations (K.R.S. 342.316(3)) and for failure to give the employer timely notice as required by K.R.S. 342.316(2)(a).

The Workers' Compensation Board dismissed the claim as "barred by the statute of limitations K.R.S. 342.316(2)(a)." The statute mentioned is the statute relating to the requirement of notice to the employer.

The dismissal was affirmed in circuit court but reversed by the Court of Appeals because that court concluded that the Compensation Board had intended to dismiss the claim as barred by the five-year statute of limitations, K.R.S. 342.316(3), not K.R.S. 342.316(2)(a). The record did not positively reflect the last date of employment, and the case was remanded to the Board for it to determine the last day of employment.

The Board determined that the last date of employment was September 4, 1975, and that the claim filed on August 25, 1980, was, therefore, not barred by the five-year statute.

The Board further determined that the claimant had not notified the employer as soon as practicable after he first experienced distinct manifestations of an occupational disease in the form of symptoms reasonably sufficient to inform him that he had contracted the disease, or after a diagnosis of the disease had been communicated to him, whichever occurred first. The claim was again dismissed, citing again K.R.S. 342.316(2)(a).

The dismissal was again affirmed in circuit court and again reversed by the Court of Appeals. The Court of Appeals listed three reasons for the reversal, to-wit, (1) the trial court used an improper standard of review, (2) no prejudice resulted from the alleged failure to give notice, and (3) the movant failed to raise the lack of notice issue by cross-appeal. The opinion of the Court of Appeals remanded to the Workers' Compensation Board for a disposition of the case on the merits.

The Special Fund and the Coal Miners' Pneumoconiosis Fund petitioned for discretionary review, which we granted. The employer did not petition for discretionary review. We reverse the decision of the Court of Appeals and direct that the order of dismissal be reinstated as to the Special Fund and the Coal Miners' Pneumoconiosis Fund.

In *Wagoner v. Smith*, Ky., 530 S.W.2d 368 (1975), this court held that in order to reverse findings of the Workers' Compensation Board unfavorable to the claimant and upon which he had the burden of proof, the test is whether the evidence compelled a finding in his favor, citing *Lee v. International Harvester Company*, Ky., 373 S.W.2d 418 (1963). The rule has been followed consistently until the present time.

The Court of Appeals determined that the Supreme Court was in error in enunciating such a test and that the proper test

on review is whether the findings of the Board are clearly erroneous.

As we noted earlier in this opinion, the Court of Appeals has no authority to overrule a precedent established by the decisions of the Supreme Court.

■ The claimant had the burden of proving that he gave timely notice to the employer, and the Board ruled that he did not give timely notice. That ruling of the Board can be reversed only if the evidence for claimant was so strong as to reasonably compel a finding in his favor.

It is true that the statute establishes a "clearly erroneous" standard of review. This Court in *Lee v. International Harvester Company, supra,* clearly held that the test for determining whether an award is "clearly erroneous" in cases where the award favors the person with the burden of proof is different from the test where the finding is against the person with the burden of proof.

When the decision of the fact-finder favors the person with the burden of proof, his only burden on appeal is to show that there was some evidence of substance to support the finding, meaning evidence which would permit a fact-finder to reasonably find as it did.

If the fact-finder finds against the person with the burden of proof, his burden on appeal is infinitely greater. It is of no avail in such a case to show that there was some evidence of substance which would have justified a finding in his favor. He must show that the evidence was such that the finding against him was unreasonable because the finding cannot be labeled "clearly erroneous" if it reasonably could have been made.

■ Thus, we have simply defined the term "clearly erroneous" in cases where the finding is against the person with the burden of proof. We hold that a finding which can reasonably be made is, perforce, not clearly erroneous. A finding which is unreasonable under the evidence presented is "clearly erroneous" and, perforce, would "compel" a different finding.

The evidence in this case relating to notice was that the claimant retired in 1975 because of shortness of breath. He said he had stayed in that dust so much it had just got in his lungs. He testified that he first knew he had "black lung" in 1979. He testified that he filed for black lung benefits in April or May of 1980 because of what the doctors had previously told him. He suspected he had the disease even before that because of his difficulty in breathing and because his right lung hurt all the time.

Neither shortness of breath nor the filing of a black lung claim are sufficient, as a matter of law, to require a finding that a claimant was aware that he had contracted pneumoconiosis. *Twin Peak Coal Co. v. Woolum*, Ky., 467 S.W.2d 134 (1971); *Kirkwood v. John Darnell Coal Company*, Ky., 602 S.W.2d 170 (1980). Those cases related to a finding in favor of a claimant, who on appeal had only the burden of showing that the evidence reasonably supported the finding.

While shortness of breath or the filing of a black lung claim do not require, as a matter of law, a finding of notice to a claimant that he has contracted pneumoconiosis, it does not follow that the Board is precluded from considering those circumstances along with the other evidence in making its finding of fact.

■ In this case, we conclude that the evidence would have supported a finding for the claimant but did not require it. Likewise, a finding for the employer on the issue of notice was reasonable, but not compelled by the evidence. There was sufficient evidence, if believed by the Board, to reasonably permit a finding that the claimant failed to give notice to the employer as soon as practical after he had been informed that he had contracted the disease or had developed symptoms sufficient to so apprise him. The evidence did not compel a finding otherwise.

We, or the Court of Appeals, may have found differently had the decision been ours, but the fact that we may have decided differently does not mean that the decision of the Board was completely unreasonable or that a different decision was compelled. The appellate courts cannot substitute their judgment for that of the Board as to the weight of the evidence on questions of fact. K.R.S. 342.285(3).

■ The Court of Appeals held that the issue of lack of notice to the employer is not before the court because that claim was denied by the original decision of the Board, and the employer did not file a cross-appeal to the circuit court. The original order of the Board did not overrule the employer's contention that the claim was barred by lack of notice. Instead, the Board dismissed the claim pursuant to K.R.S. 342.316(2)(a), the notice statute.

It is true that the Court of Appeals subsequently decided that the Board really intended to dismiss the claim pursuant to a statute other than the one stated in its order. This decision came long after the time for filing a notice of cross-appeal in the circuit court, and we can find no reasonable basis to conclude that the employer was required to file such a cross-appeal under the circumstances of this case.

We note also that the claimant did not contend in his petition for review in the circuit court that the issue of lack of notice was not a proper matter for the Board to consider on the remand, nor have we been able to find in the record that claimant made any such contention before the Court of Appeals.

■ Finally, the Court of Appeals concluded that the defense of lack of timely notice was not available because the lack of timely notice did not prejudice the defense of the action. No authority is cited for the proposition that the absence of prejudice will bar reliance on the defense of lack of notice. This court has specifically held that lack of timely notice required by K.R.S. 342.316(2)(a) is a bar to a compensation claim even though no prejudice results to the employer from the lack of timely notice. *Blue Diamond Coal Co. v. Stepp*, Ky., 445 S.W.2d 866 (1969); *Blue Diamond*

*Coal Co. v. Blair*, Ky., 445 S.W.2d 869 (1969).

The decision of the Court of Appeals as it applies to the Special Fund and to the Coal Miners' Pneumoconiosis Fund is reversed, and it is directed that as to them the order of the Workers' Compensation Board dismissing the claim be reinstated.

STEPHENS, C.J., and GANT, VANCE, STEPHENSON and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs by separate opinion.

WHITE, J., not sitting.

LEIBSON, Justice, concurring.

The Court's majority opinion in this case suggests there was willful failure on the part of the Court of Appeals to follow appropriate procedure, and this conclusion is not justified by the language in the Court of Appeals' Opinion.

The dispute centers on the appropriate language to express the standard of review in a worker's compensation appeal. It involves a dispute over semantics. In my view there is little, if any, substantive difference between the standard for review applied in the Court of Appeals, and the standard of review required by the previous decisions of our Court. The real issue in this case is a difference in viewpoint as to the correct inferences to be drawn from the evidence.

While I agree with the Majority Opinion, we should simply reverse the case utilizing our view of correct inferences to be drawn from the evidence. The Court of Appeals' Opinion does not merit the criticism heaped upon it.