# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## FINAL

2007-SC-000114-WC

DATE 3-13-08 E.AGrowth D.C.

BURNWELL ENERGY COMPANY          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
2006-CA-001296-WC
WORKERS' COMPENSATION NO. 05-00979

LARRY SMITH;
HON. JAMES L. KERR,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD        APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

KRS 342.165(1) requires the compensation for a work-related injury to be reduced by 15% if the accident causing the injury results in any degree from the worker's intentional safety violation.

An Administrative Law Judge (ALJ) determined that the claimant did not appear to have consciously disregarded the employer's safety policies by removing his safety goggles momentarily, to wipe his brow, and refused to reduce his compensation for the work-related eye injury that resulted. The Workers' Compensation Board affirmed and the Court of Appeals affirmed the Board. Appealing, the employer continues to assert that the evidence compelled a finding the injury resulted from the claimant's "conscious wrongdoing." We affirm.

The claimant worked in the defendant-employer's coal mine as a belt man. At issue was an injury that he sustained to his right eye on June 18, 2004. The accident occurred when the claimant and a co-worker were making a belt splice. While the co-worker was hammering on a steel pin, the claimant removed his safety goggles momentarily and a piece of metal struck him in the eye. The injury required multiple surgeries and caused permanent damage to claimant's vision. The claimant returned to work when he recovered but quit a few months later due to the combined effects of a number of medical conditions. Relying on the employer's medical expert, the ALJ awarded income benefits that were based upon a 16% permanent impairment rating and doubled under KRS 342.730(1)(c)2.

The contested issues included the employer's request for a 15% reduction in the claimant's benefits under KRS 342.165(1). The claimant testified that normally he wore his safety goggles at all times and that it was especially important to do so when making belt splices "because you're always hitting metal." He admitted that his eye would not have been injured if he had not removed his safety goggles. He also admitted that he knew the company required all workers to wear safety goggles at all times and instructed them regarding the practice during safety training. He explained at the hearing that he was wearing his safety goggles at the time of the injury but that they had fogged up, so he removed them momentarily to clean them and wipe sweat from his face. At that moment, a piece of steel hit him in the eye.

The ALJ found the claimant to be a credible witness. Noting that he was wearing his safety goggles at the time of the injury and merely took them off to wipe his brow, the ALJ determined that he did not appear to have consciously disregarded the

2

employer's safety policies.   On that basis, the ALJ determined that KRS 342.165(1) did not apply and refused to reduce the claimant's benefits.

The Board noted that substantial evidence supported the ALJ's decision.  It also noted that the evidence did not compel a conclusion that the claimant intended to fail to use a safety appliance that the employer furnished or intended to disobey a safety provision.  The Board was not convinced that the momentary lapse in wearing safety goggles meant, ipso facto, that the claimant acted with the requisite intent.  The Court of Appeals affirmed, noting that the claimant's testimony constituted substantial evidence that he did not intentionally fail to wear safety goggles.

KRS 342.165(1) states as follows:

> If an accident is caused in any degree by the intentional failure of the employer to comply with any specific statute or lawful administrative regulation made thereunder, communicated to the employer and relative to installation or maintenance of safety appliances or methods, the compensation for which the employer would otherwise have been liable under this chapter shall be increased thirty percent (30%) in the amount of each payment. If an accident is caused in any degree by the intentional failure of the employee to use any safety appliance furnished by the employer or to obey any lawful and reasonable order or administrative regulation of the commissioner or the employer for the safety of employees or the public, the compensation for which the employer would otherwise have been liable under this chapter, shall be decreased fifteen percent (15%) in the amount of each payment. (emphasis added).

KRS 342.285 designates the ALJ as the finder of fact in workers' compensation claims, with the sole authority to weigh the evidence.  Thus the ALJ, rather than the Board or a reviewing court, has the sole discretion to judge the credibility of witnesses and to determine the quality, character, and substance of evidence.  A party who fails to

3

convince the ALJ must show more on appeal than the existence of evidence that would have supported a favorable decision. Special Fund v. Francis, 708 S.W.2d 641, 643 (Ky. 1986), explains that when substantial evidence supports a finding that favors the party with the burden of proof, the finding is reasonable and may not be disturbed on appeal. But when the party with the burden of proof fails to convince the ALJ, it must show on appeal that overwhelming evidence compelled a finding in its favor, in other words, that the decision was unreasonable under the evidence.

Because the employer sought a favorable finding under KRS 342.165(1), it had the burden to show that the accident resulted in some degree from the claimant's intentional failure to use his safety goggles. The claimant's testimony provided the only evidence on the matter. The ALJ found it to be credible and determined that he did not consciously disregard the employer's policy. Although the employer asserts that the evidence compelled a finding that the claimant knew the employer's policy and "made a conscious decision" to remove his safety glasses, no evidence contradicted the claimant's version of the events. Under the circumstances, we are not convinced that the Board and the Court of Appeals erred in refusing to disturb the decision.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

4

COUNSEL FOR APPELLANT,
BURNWELL ENERGY COMPANY:

A. STUART BENNETT
JACKSON KELLY, PLLC
175 EAST MAIN STREET, SUITE 500
P.O. BOX 2150
LEXINGTON, KY 40588-9945


COUNSEL FOR APPELLEE,
LARRY SMITH:

DENNIS JAMES KEENAN III
79 MALL ROAD
SUITE C
SOUTH WILLIAMSON, KY 41503