RENDERED:  OCTOBER 16, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0221-WC

TIME WARNER CABLE, INC.                                      APPELLANT

                    PETITION FOR REVIEW OF A DECISION
v.                  OF THE WORKERS' COMPENSATION BOARD
                            ACTION NO. WC-15-69813

RICKY SMITH;
HONORABLE JANE RICE WILLIAMS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND JONES, JUDGES.

ACREE, JUDGE:  Time Warner Cable appeals the Workers' Compensation

Board's January 17, 2020 order upholding the Administrative Law Judge's (ALJ)

decision assessing Ricky Smith as permanently, totally disabled.  Time Warner

asserts the ALJ abused its discretion by failing to rely on substantial evidence. Finding no error, we affirm.

## BACKGROUND

For twenty-eight years, Smith worked for Time Warner as a maintenance technician. His position involved fixing outages by climbing utility poles. This means Smith had to lift, pull, push, stretch, crawl, carry, and bend multiple times a day. Smith only ever knew manual labor in his career and only had a high school education. He worked for cable companies since 1989 and prior to his employment, worked at a feed store, loading feed and fertilizer.

On August 24, 2015, he felt a pop in his back while carrying an extension ladder from his truck to a pole. He fell to the ground in severe pain and the ladder landed on his shoulder and neck. The fall resulted in Smith being diagnosed with multiple injuries to his back, shoulder, and neck. Over the years, he was diagnosed with multiple physical ailments, including, but not limited to: low back pain, disc degeneration, intervertebral disc disorder, cervicalgia, tightness in range of motion, AC joint arthrosis, and disc herniation. In addition to his physical diagnoses, he was also assessed as having psychological problems such as: anxiety, probable symptom magnification, depressive disorder, and somatic symptom disorder.

Because of his injuries, Smith filed for workers' compensation benefits. The ALJ held a hearing on September 5, 2018, and ultimately found Smith permanently, totally disabled due to his physical and psychological condition. Time Warner appealed to the Workers' Compensation Board, which upheld the ALJ's decision. This appeal followed.

## STANDARD OF REVIEW

The ALJ is the finder of fact in workers' compensation matters. *Ira A. Watson Dept. Store v. Hamilton,* 34 S.W.3d 48, 52 (Ky. 2000). In that regard,

> KRS[1] 342.285(2) provides that the Board shall not reweigh the evidence and substitute its judgment for that of the ALJ with regard to a question of fact. The standard of review with regard to a judicial appeal of an administrative decision is limited to determining whether the decision was erroneous as a matter of law. *American Beauty Homes v. Louisville & Jefferson County Planning & Zoning Commission*, Ky., 379 S.W.2d 450, 457 (1964). Where the ALJ determines that a worker has satisfied his burden of proof with regard to a question of fact, the issue on appeal is whether substantial evidence supported the determination. *Special Fund v. Francis*, Ky., 708 S.W.2d 641, 643 (1986). Substantial evidence has been defined as some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable people. *Smyzer v. B.F. Goodrich Chemical Co.*, Ky., 474 S.W.2d 367 (1971). Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal. *McCloud v. Beth-Elkhorn Corp.*, Ky., 514 S.W.2d 46 (1974). The crux of the inquiry on appeal is whether the finding which was

---

[1] Kentucky Revised Statutes.

made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law. *Special Fund v. Francis*, *supra*, at 643.

*Id.*

## ANALYSIS

Time Warner argues the ALJ erred in finding, without substantial evidence, that Smith was permanently, totally disabled. After review of the record, we are not persuaded by Time Warner's argument.

Time Warner claims Smith's psychological condition was the sole reason he was found to be permanently, totally disabled. That is ill-founded. The ALJ stated Smith's physical injuries alone were not enough to find him permanently, totally disabled, but, when taken in conjunction with his psychological injuries, he was disabled. Additionally, the ALJ considered Smith's "age, education level, vocational skills, medical restrictions, [and] emotional state" to determine an award.

The ALJ's determination is supported by substantial evidence. It is undisputed that Smith sustained physical, work-related injuries. Additionally, two doctors assessed Smith to be psychologically impaired, although their opinions differed in their details. One doctor noted a 5% impairment rating, whereas another doctor assessed a 60% impairment rating, with no restrictions. The doctors

who assessed Smith's condition had a near unanimous decision that he could not return to the work he performed for the past twenty-eight years.

The ALJ found Smith's injuries left him with pain that is not adequately managed and determined he is unlikely to find and continue employment. On conflicting evidence, the ALJ has sole discretion to determine the quality, character, and substance of evidence. *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 929 (Ky. 2002) (citing KRS 342.285); *see also* KRS 342.290. This Court cannot reverse a decision simply because there may be evidence of record that conflicts with the decision; the test is whether there is evidence of substance to support it. The ALJ was well within its bounds to assess a permanent, total disability on the combined effects of the physical and psychological conditions. For the foregoing reasons, we affirm the Board's January 17, 2020 order affirming the ALJ's decision.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rodney J. Mayer
Louisville, Kentucky

BRIEF FOR APPELLEE RICKY SMITH:

Bruce R. Bentley
London, Kentucky