# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: FEBRUARY 19, 2026
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0232-WC

CHRISTINE NICOLE FALCONITE           APPELLANT

|  |  |  |
|---|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>NO. 2024-CA-1145<br>WORKERS' COMPENSATION BOARD<br>NO. WC-23-00878 | |

SHED WISE, LLC; HONORABLE GREG           APPELLEES
HARVEY, ADMINISTRATIVE LAW
JUDGE; UNINSURED EMPLOYERS
FUND; AND WORKERS'
COMPENSATION BOARD

### MEMORANDUM OPINION OF THE COURT

### **AFFIRMING**

Christine Nicole Falconite has appealed from the decision of the Court of Appeals which affirmed a decision of the Workers' Compensation Board ("Board") affirming a decision of an Administrative Law Judge's ("ALJ") Opinion and Order dismissing her claim for benefits upon determining Falconite was an independent contractor and not an employee of Shed Wise, LLC. We affirm.

Shed Wise is in the business of manufacturing and selling portable buildings and sheds. It maintains an office and sales lot in Paducah, Kentucky, where Falconite began working in December 2021. She did not have set working hours and could come and go as she pleased. Her primary

responsibilities were sales, clerical work, bill paying, and marketing through the operation of Shed Wise's website and social media accounts. Shed Wise provided Falconite with a cell phone, computer, and a company credit card. Falconite further had check writing authority and wrote her own paychecks. She purchased an Apple iPad with her personal funds to take pictures of the sheds for marketing purposes. Shed Wise initially paid Falconite $400 per week but later increased the amount to $500 per week. She also received a commission on any sheds she sold. In addition to her work for Shed Wise, Falconite worked as a server at a local restaurant and undertook some social media projects for other businesses associated with family members of Shed Wise's owner.

On September 22, 2022, Falconite was standing near the roadway in front of the business taking photographs of one of the sheds. A reckless driver left the road and struck her before fleeing the scene. The collision caused serious injuries to Falconite's left leg which required multiple surgeries to repair, and she still uses a cane for ambulation. She did not return to work for Shed Wise following her injury, but she continued receiving her normal pay through December 2022. In an unrelated action, Falconite reached a settlement with the driver.

Falconite initiated the instant claim for workers' compensation benefits against Shed Wise by filing a Form 101 on September 8, 2023, alleging her injuries arose in the course and scope of her work for Shed Wise. Because Shed Wise did not have workers' compensation insurance, the Uninsured

Employers' Fund ("UEF") was joined as a party. Shortly thereafter, on October 11, 2023, the claim was bifurcated for a determination of whether Falconite was an employee of Shed Wise or independent contractor.

After reviewing the evidence and undertaking the six-part "economic realities" analysis required under *Oufafa v. Taxi, LLC*, 664 S.W.3d 592 (Ky. 2023)[1], the ALJ issued a comprehensive twenty-page opinion and order concluding Falconite was an independent contractor and was thus not entitled to workers' compensation benefits and her claim was dismissed. Falconite filed a petition for reconsideration alleging the ALJ's decision mischaracterized the evidence and failed to include certain facts. Her petition was denied, and she appealed to the Board.

---

[1] The economic realities test was developed in the federal courts in an effort to provide clarity and guidance on how to distinguish employees and independent contractors for purposes of claims under the Fair Labor Standards Act. The test was adopted in Kentucky in *Mouanda v. Jani-King Int'l*, 653 S.W.3d 65 (Ky. 2022), in the arena of alleged violations of the Kentucky Wage and Hour Act to determine whether franchisees and their employees were employees of the franchisor. The six factors to be considered were set forth therein as:

    1) the permanency of the relationship between the parties;

    2) the degree of skill required for the rendering of the services;

    3) the worker's investment in equipment or materials for the task;

    4) the worker's opportunity for profit or loss, depending upon his skill;

    5) the degree of the alleged employer's right to control the manner in which the work is performed; and

    6) whether the service rendered is an integral part of the alleged employer's business.

*Id.* at 74 (quoting *Keller v. Miri Microsystems, LLC*, 781 F.3d 799, 807 (6th Cir. 2015)). *Oufafa* extended application of the economic realities test to the workers' compensation context.

Before the Board, Falconite again challenged the ALJ's assessment of the evidence, arguing it failed to appropriately consider that she was economically dependent on her income from Shed Wise, and otherwise failed to adequately consider evidence which tended to show she was an employee rather than an independent contractor. In a split decision, the Board affirmed in a lengthy and thorough opinion, concluding the ALJ appropriately applied the economic realities test to the evidence. Falconite appealed the adverse decision to the Court of Appeals.

In affirming, the Court of Appeals did not perceive that the Board had overlooked or misconstrued any binding statutes or precedents, nor that the Board had committed a flagrant error in assessing the evidence which would result in a gross injustice. The Court of Appeals noted the existence of contradictory evidence which might have been weighed differently by another factfinder. However, because the ALJ's findings were supported by substantial evidence, the Board was compelled to defer to the ALJ's assessment of the weight and credibility of the evidence. Thus, discerning no error, the Court of Appeals affirmed. This appeal followed.

In a workers' compensation case, an injured worker bears the burden of proof and risk of non-persuasion before the ALJ with regard to every element of the claim. *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456, 461 (Ky. 2012) (citing *Roark v. Alva Coal Corp.*, 371 S.W.2d 856,

4

857 (Ky. 1963)). KRS[2] 342.285 designates the ALJ as the finder of fact in workers' compensation cases. The ALJ, not the reviewing court, has the sole discretion to determine the quality, character, and substance of the evidence and to draw reasonable inferences therefrom. *Mandujano*, 366 S.W.3d at 461 (citing *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985)). Accordingly, "an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof." *Lexington Fayette Urban Cnty. Gov't v. Gosper*, 671 S.W.3d 184, 198 (Ky. 2023) (quoting *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009)).

This Court has held when a party appeals a finding that favors the party with the burden of proof, it must show that no substantial evidence supported the finding, *i.e.*, that the finding was not supported by evidence of substance to induce conviction in the minds of reasonable men. *Whitaker v. Rowland*, 998 S.W.2d 479, 481-82 (Ky. 1999) (citing *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986)). However, because the ALJ found Falconite did not meet her burden of proof, she must establish the decision was clearly erroneous, *i.e.,* the favorable evidence in the record compels a contrary finding. *Wilkerson v. Kimball Int'l, Inc.*, 585 S.W.3d 231, 236 (Ky. 2019) (citing *Special Fund*, 708 S.W.2d at 643). To compel such a finding, the record evidence must be so

---

[2] Kentucky Revised Statutes.

overwhelming that no reasonable person could have reached the same conclusion as the ALJ. *Mandujano*, 366 S.W.3d at 461 (citing *Special Fund*, 708 S.W.2d at 643). Notably, evidence that would have supported but not compelled a different decision is an inadequate basis for reversal on appeal. *Wilkerson*, 585 S.W.3d at 236; *Mandujano*, 366 S.W.3d at 461; *Whitaker*, 998 S.W.2d at 482. Ultimately, "this Court's only prerogative is to evaluate the ALJ's decision to ensure that it is not contrary to the evidence." *Plumley v. Kroger, Inc.*, 557 S.W.3d 905, 913 (Ky. 2018).

Review from an ALJ's decision on a workers' compensation claim proceeds on three levels. *Gosper*, 671 S.W.3d at 199. "The Board performs the first level of review[,]" as set forth in KRS 342.285, and functions essentially to correct error, "though without the power of constitutional review." *Id.* The Court of Appeals performs the second level of review from the decisions of the Board pursuant to KRS 342.290 with the purpose of correcting the Board only where "the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* (quoting *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)). Further review by this Court is available "as a matter of right under Section 115 of the Kentucky Constitution[,]" and is meant to address "new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* at 200 (quoting *W. Baptist,*

6

827 S.W.2d at 688). Thus, we "will not simply 'third guess' the decisions of the Board and the Court of Appeals upon the same evidence." *Id.*

Falconite's argument on appeal mirrors and reiterates her position that the evidence did not support the ALJ's finding that she was an independent contractor, which is the same contention that was raised and rejected before the Board and the Court of Appeals. No new or novel questions of law are presented, no precedents warrant reconsideration, and no constitutional issues are in dispute. Having thoroughly reviewed the record, we discern no basis to disturb the rulings below.

As below, aside from making a fleeting policy argument regarding the impact of the ALJ's decision, Falconite restates her view of the evidence adduced before the ALJ and insists it compelled a finding in her favor. She fails to indicate any binding authority which was overlooked or misconstrued. She does not argue the ALJ's decision was unsupported by any evidence of substance. Nor does she attempt to show how the Board so flagrantly erred in assessing the evidence that a gross injustice occurred. Rather, she points to conflicting evidence and maintains the ALJ should have construed and weighed the evidence in conformity with her position. It is axiomatic that

> [a]lthough a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal. *McCloud v. Beth–Elkhorn Corp.,* Ky., 514 S.W.2d 46 (1974). The crux of the inquiry on appeal is whether the finding which was made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law. *Special Fund v. Francis*, [708 S.W.2d 641, 643 (Ky. 1986)].

7

*Ira A. Watson Dep't. Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).

The ALJ conducted the required six step analysis from *Oufafa*, weighed the conflicting evidence, and identified the evidence supporting its decision. Although the evidence may have been capable of more than one interpretation, our review reveals there was substantial evidence supporting the ALJ's decision and the decision was not clearly erroneous. As we have reaffirmed time and again, "the fact that we may have decided differently does not mean that the decision of the [ALJ] was completely unreasonable or that a different decision was compelled." *Special Fund*, 708 S.W.2d at 644. While the ALJ's decision, which was subsequently affirmed by the Board and the Court of Appeals, may not have been the only possible outcome, it is not clearly unreasonable.[3] In sum, Falconite has

> offered nothing new to this Court which has not already been analyzed by the lower tribunals. Thus, "[t]he present appeal fails to reach beyond the threshold for routine affirmance." *W. Baptist*, 827 S.W.2d at 688. Our review of the record does not convince us that the evidence compelled a different result. The ALJ's decision was supported by substantial evidence, was not clearly erroneous, and therefore should not be disturbed. Additionally, "the fact remains that the Workers' Compensation Board and the Court of Appeals have provided adequate appellate review, and the view they took of the evidence is neither patently unreasonable nor

---

[3] Although the Court of Appeals suggested that this Court should consider modifying or clarifying the economic realities test and should provide guidance on its application, none of the parties are challenging the economic realities test nor the holding in *Oufafa*. Discerning no valid reason to do so, we decline the Court of Appeals' invitation to *sua sponte* inject issues into this appeal which have not been raised by the parties. "Additionally, Kentucky 'courts do not function to give advisory opinions, even on important public issues, unless there is an actual case in controversy.'" *Dunn v. Solomon Found.*, 723 S.W.3d 711, 734 (Ky. 2025) (quoting *Philpot v. Patton*, 837 S.W.2d 491, 493 (Ky. 1992)). "Thus, we must 'leave this question for another day.'" *Id.* (quoting *Kulkarni v. Horlander*, 701 S.W.3d 181, 189 n.8 (Ky. 2024)).

flagrantly implausible.  The case before us does not merit further appellate oversight." *Id.*

*Laboratory Corp of America v. Smith*, 701 S.W.3d 228, 235-36 (Ky. 2024).

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All sitting.  Lambert, C.J.; Bisig, Conley, Goodwine, Nickell, and Thompson, JJ., concur.  Keller, J., concurs in result only.


COUNSEL FOR APPELLANT:

Rodger W. Lofton


COUNSEL FOR APPELLEE, SHED WISE, LLC:

Taylor D. Cooper
R. Brent Vasseur
Keuler, Kelly, Hutchins, Blankenship & Sigler, LLP


COUNSEL FOR APPELLEE, UNINSURED EMPLOYERS' FUND:

Russell M. Coleman
Attorney General of Kentucky

Clint G. Willis
Assistant Attorney General


ADMINISTRATIVE LAW JUDGE:

Hon. Greg Harvey


WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman

9