OPINION OF THE COURT BY JUSTICE VENTERS
Jamie Groce, an employee of VanMeter Contracting, Inc. (VanMeter), suffered a disabling injury in a workplace accident. Groce alleged that the accident was due, in part, to VanMeter's violations of workplace safety regulations, which if true, would entitle her to a 30% increase in benefits pursuant to KRS 342.165(1). The ALJ rejected her claim for enhanced benefits, but the Workers' Compensation Board (Board) reversed the ALJ. The Court of Appeals *680 reversed the Board's decision and reinstated the judgment of the ALJ. Groce now appeals and, upon review, we affirm the Court of Appeals.
I. FACTUAL AND PROCEDURAL BACKGROUND
Groce and two other employees of VanMeter were injured during the construction of a large concrete retaining wall when the forms holding the wet concrete collapsed. Another employee was killed. Groce suffered critical injuries which required extensive hospitalization, multiple surgeries, and long-term rehabilitation treatment.
The Kentucky Occupational Safety and Health Administration (KOSHA) investigated the accident and provided the following description:
Four (4) employees were engaged in pouring concrete into a retaining wall form. The employees were working from a Form Scaffold, twenty-four (24) inches wide by twenty-four (24) foot long mounted to a Plate Girder Forming System retaining wall form 12.5 feet above the ground below. The retaining wall form was eight (8) foot wide at the base narrowing to one (1) foot wide at the top, 12.5-foot-tall and twenty-four (24) foot in length. The employees were pouring concrete into the form using a bucket and crane system and a vibrator machine to settle the concrete. The form was over 95% filled with approximately fifty-four (54) yards of concrete. As the employees were topping off the fill, they heard a loud pop and the entire form raised and toppled to the east toward the crane. Three (3) employees were thrown toward the crane and one (1) employee fell backwards into the concrete surging out from under the toppled form.
As a result of its investigation, KOSHA issued three citations against VanMeter but only one is relevant to our review.[1] Citation 01 Item 003 charged VanMeter with violating 29 CFR 1926.703(a)(1), titled "General requirements for formwork," which states:
Formwork shall be designed, fabricated, erected, supported, braced and maintained so that it will be capable of supporting without failure all vertical and lateral loads that may reasonably be anticipated to be applied to the formwork. Formwork which is designed, fabricated, erected, supported, braced and maintained in conformance with the appendix to this section will be deemed to meet the requirements of this paragraph.
Specifically, KOSHA alleged that VanMeter violated the regulation by constructing the concrete wall with forms unsupported by a telescoping push-pull pipe brace, and that the anchor bolts holding the forms were spaced too far apart and at irregular intervals. In due course, VanMeter and KOSHA resolved the citation with a Stipulation and Settlement Agreement in which VanMeter "accepted responsibility" for all three citations, agreed that all of the violations were serious, and paid a fine of $14,000.00. Of particular significance to this appeal is, the following provision of the Settlement Agreement:
[VanMeter's] agreement as set forth hereinabove and its execution of this Settlement Agreement are not admissions by [VanMeter] of any violations of the Act or the standards or regulations promulgated thereunder nor admissions of [VanMeter] of the truth of any of the *681 allegations or conclusions contained in the Citations or Complaint.
Groce filed her claim for workers' compensation benefits and, as noted above, asserted a claim for the 30% benefit enhancement provided by KRS 342.165(1) for a workplace injury "caused in any degree by the intentional failure of the employer to comply with any specific statute or lawful administrative regulation made thereunder, communicated to the employer and relative to installation or maintenance of safety appliances or methods." The award enhancement of KRS 342.165(1) exists to provide a financial penalty to discourage employers from taking shortcuts that violate employee safety regulations, and correspondingly, the statute also provides a financial incentive for both employers and employees to comply with relevant safety regulations. Chaney v. Dags Branch Coal Co. , 244 S.W.3d 95, 101 (Ky. 2008). Although inapplicable here, the statute also imposes a 15% reduction of benefits awarded to injured workers whose violation of safety regulations contributed to their injury.
Groce alleged the same regulatory violations asserted by KOSHA and a violation of the general workplace safety duty of KRS 338.031(l)(a).[2] The ALJ concluded that Groce had not presented sufficient evidence to prove the intentional violation of any safety statute or regulation, including 29 CFR 1926.703(a)(1) or the general duty statute, KRS 338.031(1)(a). Consequently, the ALJ declined to grant the 30% enhancement. Upon review, the Board, by a 2-1 vote, reversed the ALJ's decision with respect to the safety violation enhancement.
The Board concluded that, "regardless of the language contained in the settlement agreement," VanMeter's execution of the settlement agreement withdrawing its contest of KOSHA Citation 01 Item 003 and paying a fine was, in effect, a conclusive judicial admission to the intentional violation of 29 CFR 1926.703(a)(1). In so holding, the Board gave no weight to the agreement's plainly-stated disclaimer of any admissions. Contrary to the ALJ's findings, the Board concluded that, not only was the evidence sufficient to justify the award of enhanced benefits, but that the evidence of the settlement agreement compelled the award of enhanced benefits, provided the violation was shown to have contributed to causing the accident. Consequently, the Board remanded the claim to the ALJ with instructions to determine whether VanMeter's violation of 29 CFR 1926.703(a)(1) in any degree caused Groce's work-related accident, and to then enter an award accordingly.
Upon VanMeter's appeal, the Court of Appeals rejected the Board's analysis and reversed. This appeal followed.
II. ANALYSIS
We review an appeal of a workers' compensation case with these standards in mind. "While we [generally] give great deference to the ALJ's factual findings, questions of law, [as this is,] we review de novo. " Parker v. Webster County Coal, LLC (Dotiki Mine), 529 S.W.3d 759, 765 (Ky. 2017) (citation omitted). The *682 "ALJ, as fact-finder, has the sole authority to judge the weight and inferences to be drawn from the record." Miller v. East Kentucky Beverage/Pepsico, Inc., 951 S.W.2d 329, 331 (Ky. 1997) (citation omitted). The ALJ "may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof." Magic Coal v. Fox, 19 S.W.3d 88, 96 (Ky. 2000) (citing Caudill v. Maloney's Discount Stores, 560 S.W.2d 15, 16 (Ky. 1977) ). If the ALJ's opinion is supported by any evidence of substance, it cannot be said the evidence compels a different result. Special Fund v. Francis, 708 S.W.2d 641, 643 (Ky. 1986). In order to rise to the level of compelling evidence, and thereby justify reversal of the ALJ under this circumstance, the evidence must be so overwhelming that no reasonable person could reach the same conclusion as did the ALJ. Id. ; Wolf Creek Collieries v. Crum, 673 S.W.2d 735, 736 (Ky. App. 1984).
A. The employer's settlement of the KOSHA citations was not dispositive of the KRS 342.165(1) safety violation issue.
Groce had the burden of proof in demonstrating that a safety violation had occurred so as to qualify for a safety violation benefit enhancement. Cabinet for Workforce Development v. Cummins, 950 S.W.2d 834, 837 (Ky. 1997) ("The burden was on the claimant to prove that the employer's intentional violation of a specific safety statute or regulation contributed to his injury."). When a party with the burden of proof is unsuccessful before the ALJ, the question on appeal then becomes whether the evidence compels a finding in his favor. See Paramount Foods, Inc. v. Burkhardt, 695 S.W.2d 418, 419 (Ky. 1985) (citations omitted).
The Board reversed the ALJ's conclusion and disregarded his findings of fact based upon its own conclusion of law that VanMeter's settlement agreement with KOSHA constituted a judicial admission that VanMeter knowingly violated an applicable safety regulation. A judicial admission is defined as "a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it." Goldsmith v. Allied Building Components, 833 S.W.2d 378, 380 (Ky. 1992) (quoting Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021 (1941) ).
The Court of Appeals rejected the Board's analysis and we agree. In construing the settlement agreement as a conclusive admission to a safety violation, the Board totally disregarded a crucial element of the settlement agreement: the explicit provision in which KOSHA and VanMeter disclaim its effect as an admission to the alleged violation. This provision precludes the use of the agreement as a conclusive judicial admission of a safety violation. Were we to conclude otherwise, the settlement of KOSHA and other regulatory processes would be greatly impeded as parties facing collateral litigation in a different forum would have every incentive to resist settlement.
Even without the express admission-disclaimer language, an agreement resolving the citations is not conclusive evidence in the workers' compensation action. "[A]n adjudicative determination by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim." Berrier v. Bizer, 57 S.W.3d 271, 280 (Ky. 2001) (quoting *683 Restatement (Second) of Judgments § 83(3) (A.L.I. 1982) ); accord Board of Education of Covington v. Gray, 806 S.W.2d 400 (Ky. App. 1991). "[ Restatement (Second) of Judgments § 83(3) Comment a] explains that the principle applies whether the issue is claim preclusion (res judicata) or issue preclusion (collateral estoppel)." Berrier, 57 S.W.3d at 280-81. The Board's reliance upon the settlement agreement as a substitute for evidence proving the violation was error.[3]
Groce places great emphasis upon the decision of this Court in Chaney v. Dags Branch Coal Co., but we find that emphasis to be misplaced. Chaney holds that "[a]n employer is presumed to know what specific state and federal statutes and regulations concerning workplace safety require; thus, its intent is inferred from the failure to comply." 244 S.W.3d at 96-97. That principle is not challenged in this case. Significantly, the ALJ in Chaney found that the employer had in fact violated the asserted safety regulations, and therefore, presumptively did so knowingly. To the contrary, and as stated below, the ALJ expressly determined that the employer, VanMeter, did not violate the safety regulation in question. Chaney does not state or imply that the agreed resolution of a regulatory citation constitutes the employer's judicial admission of the violation. Chaney is not determinative of the issue before us in this case.
B. The ALJ determined from the evidence that the employer did not violate employee safety regulations.
Finally, although KOSHA's citations and investigative report, and the terms of the settlement agreement may be considered as some evidence of the alleged regulatory violations, it remains for the ALJ in the workers' compensation action to determine whether, as a matter of fact, the violations occurred and, if so, whether they were intentional and a contributing cause of the injury-producing accident. "The fact that the employer settled the KOSHA citation without admitting a violation is immaterial. In the context of a workers' compensation claim, it is the responsibility of the ALJ to determine whether a violation of a statute or administrative regulation has occurred." Brusman v. Newport Steel Corp., 17 S.W.3d 514, 520 (Ky. 2000).
In this instance, the ALJ did not merely conclude that Groce had failed to meet her evidentiary burden of proving that VanMeter violated 29 CFR 1926.703(a)(1) by failing to use the required push-pull pipe bracing and by failing to properly space the anchor bolts on the concrete forms; rather, the ALJ found from the evidence that VanMeter had used push-pull pipe bracing and had spaced its bolts within four-foot intervals. Thus, the ALJ affirmatively found that these alleged violations did not occur. Groce directs us to no evidence *684 that compels a finding in opposition to the ALJ's determination.
The ALJ also expressly rejected the safety deficiencies identified by Groce's co-worker, Steve Nelson, relating to the anchor bolt spacing and the use of tie-downs. The ALJ found that Nelson, while an experienced laborer in building concrete structures, was not qualified to give an opinion establishing safety requirements. The ALJ also found that Groce had failed to establish VanMeter's violation of the general safety duty of KRS 338.031(1)(a) under the standards provided in Lexington-Fayette Urban County Government v. Offutt, 11 S.W.3d 598 (Ky. App. 2000). Specifically, Groce failed to identify any violation of a prescribed industry-accepted method for pouring forms or anchoring them to footers.[4]
It is fundamental that the Board "shall not substitute its judgment for that of the administrative law judge as to the weight of evidence on questions of fact." KRS 342.285(2). The ALJ "has the sole discretion to determine the quality, character, and substance of the evidence, and may reject any testimony and believe or disbelieve various parts of the evidence ...." Halls Hardwood Floor Co. v. Stapleton, 16 S.W.3d 327, 329 (Ky. App. 2000) (internal edits and quotations removed) (citations omitted).
In summary, the ALJ methodically examined the evidence supporting Groce's allegations of a safety violation and was unconvinced. Upon review, we are unable to conclude that the evidence in Groce's favor was so overwhelming as to compel a reversal of the ALJ's findings. If the party with the burden of proof fails to convince the ALJ of the safety violation, that party must then establish on appeal that the evidence in their favor was so overwhelming as to compel a favorable finding. Hanik v. Christopher & Banks, Inc., 434 S.W.3d 20, 23 (Ky. 2014) (citing Special Fund, 708 S.W.2d at 643 ). We are unable to find such evidence.
III. CONCLUSION
When reviewing a decision of the Workers' Compensation Board, the Court of Appeals will affirm unless the Board has misconstrued or overlooked controlling law, or has so flagrantly erred in evaluating the evidence that a gross injustice has occurred. Western Baptist Hospital v. Kelly, 827 S.W.2d 685, 687-88 (Ky. 1992). We agree with the Court of Appeal's' conclusion that the Board misconstrued or overlooked controlling law when, in contradiction of the ALJ's findings, it accorded conclusive weight to the KOSHA settlement agreement. Therefore, we affirm the decision of the Court of Appeals.
All sitting. All concur.

Two of the alleged violations are not relevant because it is undisputed that they did not cause or contribute to the accident.

KRS 338.031 states: "(1) Each employer: (a) Shall furnish to each of his employees' employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees; (b) Shall comply with occupational safety and health standards promulgated under this chapter. (2) Each employee shall comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to this chapter which are applicable to his own actions and conduct."

As explained by the Court of Appeals, the rationale behind this rule is that the mission of KOSHA in enforcing 29 CFR 1926.703 is different from the mission of the Board in enforcing KRS 342.165(1). As an illustration, suppose a KOSHA investigation erroneously concluded an employee failed to use available safety equipment, thus implicating the 15% reduction in benefits provision of KRS 342.165(1). We do not apply res judicata in a related workers' compensation claim because the exclusion of evidence that the worker did in fact use the safety equipment would frustrate the objective of KRS Chapter 342 to ensure that injured workers are fairly compensated for their workplace injuries, even though administrative proceedings in another forum may have reached a different, though erroneous, position concerning the facts of the accident. That is, the workers' compensation system, and the appellate courts who may later review a claim, should not be bound by an erroneous decision made by KOSHA.

Citing Nelson Tree Services, Inc. v. Occupational Safety and Health Review Commission, 60 F.3d 1207 (6th Cir. 1995), Offutt set forth the required elements to establish a violation of the general duty clause as follows: (1) a condition or activity in the workplace presented a hazard to employees; (2) the cited employer or employer's industry recognized the hazard; (3) the hazard was likely to cause death or serious physical harm; and (4) a feasible means existed to eliminate or materially reduce the hazard. 11 S.W.3d at 599. Groce makes no attempt to apply this framework in support of her argument.