# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.



# Supreme Court of Kentucky

DATE 10/15/20
A.Hutcheson.

## 2019-SC-0635-WC

MARTIN COUNTY BOARD OF                           APPELLANT
EDUCATION

V.
               ON APPEAL FROM COURT OF APPEALS
                   CASE NO. 2018-CA-1868-WC
                WORKERS' COMPENSATION BOARD
                      NO. 15-WC-62517

ARCHIE BLACKBURN; DR. BAL BANSAL;             APPELLEES
CARDINAL HILL HOSPITAL; HON. CHRIS
DAVIS, ADMINISTRATIVE LAW JUDGE;
AND KENTUCKY WORKERS'
COMPENSATION BOARD

AND                      2019-SC-0647-WC

ARCHIE BLACKBURN                          APPELLANT

V.
               ON APPEAL FROM COURT OF APPEALS
                   CASE NO. 2018-CA-1868-WC
                 WORKERS COMPENSATION BOARD
                      NO. 15-WC-62517

MARTIN COUNTY BOARD OF                           APPELLEES
EDUCATION; BAL K. BANSAL, M.D.;
CARDINAL HILL HOSPITAL;
HON. CHRIS DAVIS, ADMINISTRATIVE
LAW JUDGE; AND KENTUCKY WORKERS'
COMPENSATION BOARD

1

On November 16, 2018, the Workers' Compensation Board (Board) issued an opinion affirming the Administrative Law Judge's (ALJ) award of permanent partial disability (PPD) benefits to Archie Blackburn for a work-related head injury and denial of an award for an alleged work-related cervical injury. Martin County Board of Education (Martin County) and Blackburn separately appealed to the Kentucky Court of Appeals which affirmed the Board. Both appealed to this Court as a matter of right. *See Vessels v. Brown-Forman Distillers Corp.*, 793 S.W.2d 795, 798 (Ky. 1990); Ky. Const. §115. The two appeals were subsequently designated to be heard together for decision in a single Opinion. We affirm.

The pertinent historical facts and procedural history were succinctly set out in the opinion of the Court of Appeals as follows.

> Blackburn was employed as an electrician and maintenance worker with the Martin County Board of Education (Board of Education). On October 30, 2015, Blackburn was injured while working at the Eden Elementary Sewer Plant. Blackburn was discovered lying across the driver's seat in his motor vehicle and was unresponsive. It was noted that Blackburn's right arm had scratches and abrasions, and there was dried blood in his right ear. Blackburn possessed a limited memory of the events leading to his injury. He testified that he remembered hearing a noise while at the sewer plant and believed a belt in a motor was in need of repair. While attempting to effectuate repairs, he believed that he was standing on a grate that broke causing him to fall. During transport to the Emergency Room by EMS, it was noted that Blackburn's right side would shake and tremor. At the time of the incident, a Glasgow Coma Test was performed on Blackburn, and he scored 10, indicating moderate brain injury.

Blackburn filed a claim for workers' compensation benefits. He claimed to have sustained a traumatic brain injury and a cervical spine injury. Blackburn asserted that he experienced profound memory loss, weakness in his right arm and leg, tremor in his right hand, confusion, difficulty with speech, headaches, and balance issues. The Board of Education denied that Blackburn suffered a compensable work-related injury and maintained that he was malingering.

On May 21, 2018, the ALJ rendered an Opinion, Award, and Order (opinion). Therein, the ALJ found that Blackburn suffered a work-related head injury that resulted in permanent partial disability. The ALJ assigned a 24-percent impairment rating. Also, the ALJ found that Blackburn did not suffer a compensable work-related injury to his cervical spine. Both Blackburn and the Board of Education sought review with the Workers' Compensation Board (Board). By Opinion entered November 16, 2018, the Board affirmed the ALJ's opinion.

*Blackburn v. Martin Cty. Bd. of Educ.*, 2018-CA-001868-WC, 2019 WL 5091989, at *1 (Ky. App. Oct. 11, 2019).

The Court of Appeals unanimously agreed the Board correctly affirmed the ALJ's decision regarding Blackburn's lack of a compensable cervical injury. However, in affirming the ALJ's award of PPD benefits for Blackburn's head and brain injury, a divided panel rejected Martin County's assertions that the ALJ failed to consider all the evidence, the evidence was insufficient to support a finding of work-relatedness, and the ALJ failed to render adequate factual findings. The dissent, believing additional and more specific factual findings were warranted, would have remanded to the ALJ to make such findings. These consolidated appeals followed.

**Standard of Review**

On questions of fact, "[t]he ALJ as fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the

3

evidence." *LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 386 (Ky. 2017) (citing *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985)).

> KRS 342.285 gives the ALJ the sole discretion to determine the quality, character, and substance of evidence. As fact-finder, an ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same party's total proof. KRS 342.285(2) and KRS 342.290 limit administrative and judicial review of an ALJ's decision to determining whether the ALJ "acted without or in excess of his powers;" whether the decision "was procured by fraud;" or whether the decision was erroneous as a matter of law. Legal errors would include whether the ALJ misapplied Chapter 342 to the facts; made a clearly erroneous finding of fact; rendered an arbitrary or capricious decision; or committed an abuse of discretion.

*Abel Verdon Const. v. Rivera*, 348 S.W.3d 749, 753-54 (Ky. 2011) (footnotes omitted). To reverse, we must determine the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).

Blackburn, as the claimant in a workers' compensation proceeding, had the burden of proving each of the essential elements of his claim and likewise carried the risk of non-persuasion. *Snawder v. Stice*, 576 S.W.2d 276, 279 (Ky. App. 1979). "[W]here the party with the burden of proof was successful before the ALJ, the issue on appeal is whether substantial evidence supported the ALJ's conclusion." *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971).

4

If the claimant is unsuccessful before the ALJ, the question becomes whether the evidence compels a different result. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). "In order to rise to the level of compelling evidence, and thereby justify reversal of the ALJ under this circumstance, the evidence must be so overwhelming that no reasonable person could reach the same conclusion as did the ALJ." *Groce v. VanMeter Contracting, Inc.*, 539 S.W.3d 677, 682 (Ky. 2018) (citations omitted).

> The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the the [sic] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. The function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.

*W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). With these standards in mind, we turn to the issues presented in each appeal.

**Appeal No. 2019-SC-0635-WC**

Martin County presents a single challenge to the rulings below, namely that the ALJ failed to make "essential and vital" findings of fact. It asserts the conflicting evidence presented requires additional and more detailed findings than those included in the ALJ's Opinion, Award, and Order. In support, Martin County argues the ALJ "seemingly glossed over" aspects of the case in reaching his conclusion. Martin County then includes a lengthy recitation of the evidence it believes was so contradictory and inconsistent as to mandate the requested additional findings of fact, and which it suggests would likely

5

compel a ruling in its favor if remand were ordered. In essence, Martin County's challenge rests on its interpretation of the evidence to the exclusion of other potential constructions, and its perception that the ALJ's failure to make findings on what Martin County unilaterally deems "essential" facts constitutes reversible error. We disagree.

An ALJ is not required to make factual findings related to each and every piece of evidence presented nor comment upon all potential interpretations thereof. However, the parties are entitled to a sufficient explanation by the ALJ of the basis for the decision. *Whittaker*, 998 S.W.2d at 481. As stated in *Arnold v. Toyota Motor Mfg.*, 375 S.W.3d 56 (Ky. 2012), the statutory framework of workers' compensation claims expects an ALJ to render

> an opinion that summarizes the conflicting evidence concerning disputed facts; weighs that evidence to make findings of fact; and determines the legal significance of those findings. Only when an opinion summarizes the conflicting evidence accurately and states the evidentiary basis for the ALJ's finding does it enable the Board and reviewing courts to determine in the summary manner contemplated by KRS 342.285(2) whether the finding is supported by substantial evidence and reasonable.

*Id.* at 61-62 (footnotes omitted).

Here, the ALJ clearly satisfied the foregoing requirements. The Opinion, Award, and Order accurately set forth the conflicting evidence before weighing it and making factual findings supporting the ALJ's ultimate conclusion Blackburn suffered a compensable work-related head and brain injury. The findings of fact were sufficient, as correctly found by the Court of Appeals. While more findings *could* have been rendered, the ALJ sufficiently explained the basis for his conclusions. Although Martin County cites evidence which

6

may have supported a different conclusion, existence of such evidence is an inadequate basis to support reversal on appeal. *See McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46 (Ky. 1974). There was no error.

### Appeal No. 2019-SC-0647-WC

Blackburn argues the Court of Appeals should be reversed for rejecting his assertion the ALJ erred in not awarding him benefits for his alleged cervical injury. As below, he argues the opinion of his treating physician, Dr. Bal K. Bansal, was uncontroverted and definitively established existence of a compensable work-related cervical injury. Blackburn asserts Dr. Joseph L. Zerga—upon whose opinion the ALJ, the Board, and the Court of Appeals relied—did not evaluate or address the cervical injury, and therefore, his report cannot reliably contradict Dr. Bansal's opinion. In Blackburn's view, the ALJ was required to accept the opinion of Dr. Bansal regarding his alleged cervical injury. Again, we disagree.

Contrary to Blackburn's contention, Dr. Zerga indicated he reviewed Dr. Bansal's medical reports but had concluded Blackburn had incurred no compensable work-related injury. Dr Zerga's medical opinion would necessarily encompass Blackburn's alleged cervical injury. The ALJ exercised his discretion in assessing the conflicting medical evidence and determined Dr. Zerga's opinion to be more credible. *Fleming*, 520 S.W.3d at 386. As the Court of Appeals correctly concluded, the evidence simply did not compel a finding in Blackburn's favor. *Wolf Creek Collieries*, 673 S.W.2d at 736. Thus, the ALJ did not err in denying an award of benefits for the alleged cervical injury.

7

For the foregoing reasons, we affirm the opinion of the Court of Appeals upholding the decisions issued by the Board and the ALJ.

All sitting. All concur.


COUNSEL FOR APPELLANT, MARTIN COUNTY BOARD OF EDUCATION:

James Gregory Allen

COUNSEL FOR APPELLEE, ARCHIE BLACKBURN:

Jeffrey Dale Hensley