RENDERED:  MAY 30, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0237-WC

ELLIS JOINER                                                                               APPELLANT

PETITION FOR REVIEW OF A DECISION
v.            OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-22-00713

MAC CONSTRUCTION &
EXCAVATION; HONORABLE
PHILLIPE RICH, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

CETRULO, JUDGE:  This is an appeal from an Opinion of the Workers'

Compensation Board ("the Board") which affirmed the Opinion and Award of the

Administrative Law Judge ("ALJ").  The ALJ found that Ellis Joiner ("Joiner")

sustained a work-related injury at MAC Construction and Excavation ("MAC

Construction") on July 15, 2020 when he fell from a ladder.  The ALJ awarded

disability benefits and medical benefits, but did not find Joiner to be totally and permanently disabled. Joiner appealed to the Board, asserting that the ALJ had erred by 1) failing to assess an impairment rating for a left shoulder injury; and, 2) failing to assess an impairment rating for an injury to the cervical spine. The Board found that the ALJ appropriately analyzed the evidence and explained the basis for his decision; that the decision was supported by substantial evidence; and that the law was properly applied. On appeal, Joiner presents the same arguments to this Court – that the Board erred in affirming the ALJ's failure to assess any impairment to Joiner's left shoulder and cervical spine. Upon our review, we affirm the Board.

## FACTS AND PROCEDURAL HISTORY

Joiner filed a Form 101[1] alleging multiple injuries to his body, including his shoulders, right wrist, left elbow, and mid and low back, when he fell from a ladder in July 2020. He underwent multiple surgeries over the next few years, including for a right wrist fracture, a left bicep tendon repair, and two rotator cuff repairs. He amended his Form 101 in 2022 to include allegations of a neck injury. He filed over 160 pages of medical records with the initial Form 101, outlining his treatment with multiple medical providers. Dr. Barefoot evaluated Joiner at the request of his attorney and submitted a report assessing a 37%

---

[1] A Form 101 is the initial application for workers' compensation benefits.

impairment rating according to the American Medical Association ("AMA") guidelines. That rating included an 8% impairment for the cervical spine and a 4% impairment for the left shoulder. Dr. Barefoot disagreed with the assessment of Dr. Ballard, who had evaluated Joiner at the request of MAC Construction. Dr. Ballard assessed a total 12% impairment rating based upon AMA guidelines. She did not assess any impairment to the cervical spine or to either shoulder.

Joiner also submitted a vocational report from Robert Tiell which concluded that he was 100% occupationally disabled. MAC Construction filed a functional capacity evaluation report which concluded that Joiner was not completely unable to perform all work, and also submitted a report from Dr. Tien which assessed a whole person impairment rating of only 9%.

A benefit review conference was held on June 25, 2024, and the ALJ rendered his opinion, award and order on September 16, 2024. The ALJ found that Joiner sustained left upper extremity, right shoulder and wrist, and thoracic and lumbar injuries due to the work accident. The ALJ awarded permanent partial disability benefits based upon a 24% impairment rating to the body as a whole and enhanced that by the multiplier contained in Kentucky Revised Statute 342.730(1)(c)1. The ALJ stated that he had analyzed the facts and evidence concerning the total occupational disability claim, consistent with *City of Ashland*

*v. Stumbo*, 461 S.W.3d 392 (Ky. 2015), and he did not find Joiner to be totally disabled.[2]

Joiner petitioned for reconsideration, but other than correcting a typographical error, the ALJ denied the petition. As he does here, Joiner asserted in his petition that the ALJ failed to address the impairment for the left shoulder and cervical spine. The ALJ explained his position on both of those contentions, as follows:

> 2. [Joiner] contends the ALJ failed to address the appropriate impairment for the left shoulder injury. [Joiner's] Petition in this regard is overruled. Dr. Kuiper assigned a 1% rating for [Joiner's] shoulders, and while he did not specify to which shoulder the 1% rating applied, a reasonable inference would be the 1% was assigned to [Joiner's] right shoulder since the injury to that shoulder represented a full thickness rotator cuff tear. Thus, a reasonable inference would be that Dr. Kuiper did not assign an impairment rating for the left shoulder.

> 3. [Joiner] also contends the ALJ erred by failing to assign an impairment for [Joiner's] alleged cervical spine injury. This Petition is overruled as well. [Joiner] points to evidence of cervical symptoms in November of 2020 as supportive of such a finding, however, the ALJ finds this four-month delay in symptoms, as well as evidence that Dr. Compton initially ordered only MRI scans of the lumbar and thoracic spine, support the ALJ's finding Plaintiff did not sustain a significant cervical injury.

Joiner appealed to the Board, which affirmed; this appeal followed.

---

[2] The *City of Ashland* case requires a five-step analysis be performed to determine total occupational disability. On this appeal, Joiner does not assert that the ALJ failed to perform the required analysis.

# STANDARD OF REVIEW

As factfinder, the ALJ has the sole authority to determine the "weight, credibility, substance, and inferences to be drawn from the evidence." *Holcim v. Swinford*, 581 S.W.3d 37, 39 (Ky. 2019) (quoting *LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 386 (Ky. 2017)). Where the evidence is conflicting, the factfinder may choose whom and what to believe. *Pruitt v. Bugg Brothers*, 547 S.W.2d 123, 124 (Ky. 1977) (citation omitted). The Board may not substitute its opinion for that of the ALJ on the weight and credibility of the evidence. *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999) (citing Kentucky Revised Statute 342.285(2)).

As the claimant in a workers' compensation claim, Joiner bore "the burden of proof and the risk of persuading the [B]oard in his favor." *See Snawder v. Stice*, 576 S.W.2d 276, 279 (Ky. App. 1979) (citations omitted). Because Joiner was unsuccessful before the ALJ regarding the left shoulder and cervical conditions, the question before the Board was whether the evidence was so overwhelming as to have compelled a finding in his favor. *See Groce v. VanMeter Contracting, Inc.*, 539 S.W.3d 677, 682 (Ky. 2018) (citations omitted). Compelling evidence is defined as evidence that is "so overwhelming that no reasonable person could reach the conclusion of the Board." *REO Mechanical v. Barnes*, 691 S.W.2d 224, 226 (Ky. App. 1985). It is not enough for Joiner to

-5-

merely show there is some evidence that would support a different result, but he must show that the evidence was such that the findings were unreasonable. *See Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986).

"When reviewing one of the Board's decisions, [the appellate] Court will only reverse the Board's decision when it has overlooked or misconstrued controlling law or so flagrantly erred in evaluating the evidence that it has caused gross injustice." *Dreisbach Wholesale Florists, Inc. v. Leitner*, 655 S.W.3d 763, 767 (Ky. App. 2022) (quoting *Abbott Lab'ys v. Smith*, 205 S.W.3d 249, 253 (Ky. App. 2006)).

## ANALYSIS

Applying those principles, we note that our review is limited, and Joiner's burden is high. Joiner unquestionably sustained several injuries from his fall for which the ALJ awarded temporary total disability, permanent partial disability, and medical benefits. However, the ALJ was simply not persuaded that Joiner sustained a cervical and left shoulder injury from the fall. On reconsideration, the ALJ outlined the basis for his determinations. He noted that there was some delay in reporting any neck injuries and that Dr. Compton had only ordered testing of the thoracic and lumbar spine. Similarly, on appeal, the Board recognized its review of the entire record and that records evidencing neck pain were not noted until 2022. The medical experts for MAC Construction did not

-6-

assess impairment to the cervical spine. The Board found there was evidence to support the ALJ's determination that Joiner did not sustain a cervical injury from the 2020 accident.

This is also true with regard to the left shoulder injury claim. Joiner asserts that the ALJ failed to address impairment for the left shoulder in his opinion and award. However, this was also raised on petition for reconsideration, and the ALJ specifically addressed that claim as well. The ALJ noted that he had relied upon Dr. Kuiper, who assigned a 1% impairment to "the shoulders," and stated he drew a "reasonable inference" that this was for Joiner's right shoulder.

Joiner acknowledges that ALJs are given authority to make "reasonable inferences" from the evidence, but he argues that no reasonable person could view this inference as reasonable. *See Miller v. Go Hire*, 473 S.W.3d 621, 629 (Ky. App. 2015). We disagree. We accept that Dr. Barefoot assessed a 4% impairment to the left shoulder. However, the fact that the ALJ accepted Dr. Barefoot's assessment as to the right shoulder does not require that it be accepted for the left shoulder. Dr. Ballard did not assess any impairment for Joiner's shoulder conditions, and the ALJ was free to accept that as well. There was no challenge or clarification asked of Dr. Kuiper as to whether his 1% impairment was for the right shoulder only, but the ALJ was entitled to make that inference based upon his review of all the evidence.

The weighing of the evidence falls within the exclusive province of the ALJ. *Abbott Lab'ys*, 205 S.W.3d at 253 (citing *Whittaker*, 998 S.W.2d at 481). Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, that evidence alone is not sufficient basis for reversal on appeal. *McCloud v. Beth-Elkhorn Corp*., 514 S.W.2d 46 (Ky. 1974). We do not find the evidence so compelling as to have required a different result. *See Lab'y Corp. of America v. Smith*, 701 S.W.3d 228, 235 (Ky. 2024).

Accordingly, the Opinion of the Board is AFFIRMED.

ALL CONCUR.


BRIEF FOR APPELLANT:

Christopher P. Evensen
Louisville, Kentucky

BRIEF FOR APPELLEE MAC CONSTRUCTION AND EXCAVATION:

Lyn Douglas Powers
Louisville, Kentucky